# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BOARD OF WATER WORKS TRUSTEES OF THE CITY OF DES MOINES, IOWA, <br><br> Plaintiff, <br> vs. <br><br> SAC COUNTY BOARD OF SUPERVISORS AS TRUSTEES OF DRAINAGE DISTRICTS 32, 42, 65, 79, 81, 83, 86, and CALHOUN COUNTY BOARD OF SUPERVISORS and SAC COUNTY BOARD OF SUPERVISORS AS JOINT TRUSTEES OF DRAINAGE DISTRICTS 2 AND 51 and BUENA VISTA COUNTY BOARD OF SUPERVISORS and SAC COUNTY BOARD OF SUPERVISORS AS JOINT TRUSTEES OF DRAINAGE DISTRICTS 19 and 26 and DRAINAGE DISTRICTS 64 and 105, <br><br> Defendants. | No. C 15-4020-MWB <br><br><br><br> ORDER ON MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING CERTIFICATION OF QUESTIONS TO THE IOWA SUPREME COURT |

_____

Before me is the defendants' January 13, 2016, Motion to Stay Pending Certification of Questions to Iowa Supreme Court (docket no. 51) requesting expedited relief. In compliance with Local Rule 7(j), the parties jointly contacted a member of my staff via telephone on January 14, 2016, to "alert the assigned federal judge immediately that the pleading or motion has been filed and that expedited relief is being requested." L.R. 7(j). In this Motion, the defendants request that I enter an order staying all proceedings of this case in district court pending the resolution of my January 11, 2016

Order Certifying Questions to the Iowa Supreme Court (docket no. 50) ("Certification Order"). Defendants request that the stay apply to the discovery deadline, summary judgment deadline, trial date, and all other deadlines set forth in the Court's Scheduling Order and Discovery Plan (docket no. 18) and Trial Management Order (docket no. 19). The plaintiff, Des Moines Water Works ("DMWW"), filed its Resistance to Defendants' Motion to Stay Pending Certification of Questions to Iowa Supreme Court (docket no. 53) on January 15, 2016.

This case is currently scheduled for a bench trial to start during the two-week period beginning August 8, 2016. The deadline for the completion of discovery is March 1, 2016. The deadline for dispositive motions is April 1, 2016. The defendants state that they will likely be taking a large number of depositions in the coming weeks, beginning with depositions scheduled for January 26 and 27, 2016, which is why they requested expedited relief.

I find that a partial stay of district court proceedings, as to the counts underlying the questions that were certified to the Iowa Supreme Court, would avoid the investment of the parties' resources into answering questions which will turn on a resolution of state law. So, the deadlines for discovery, except for Counts I (Clean Water Act) and II (Iowa Code Chapter 455B), are **stayed** pending the resolution of the Certification Order. That is to say, the discovery deadline for Counts I and II are **not stayed** and the deadline for discovery which *relates to* Counts III through X is **stayed.** Discovery as to Counts I and II will be conducted in any event, and the minor factual overlap of Counts I and II with Counts III through X should not preclude discovery on Counts I and II. Similarly, the current dispositive motions deadline of April 1, 2016, except for Counts I and II, is **stayed.**

I **reserve ruling** on the defendants' Motion to Stay as it relates to the existing, August 8, 2016, trial date pending one of three possible outcomes: (1) If the Iowa

Supreme Court has resolved my Certification Order before trial, such that there are no viable state law claims remaining, the parties should be prepared to proceed with trial on August 8, 2016; (2) if the Iowa Supreme Court has resolved my Certification Order before trial, such that there *are* viable state law claims remaining, I will consider a motion to continue, and if appropriate, may set a new trial date, so that all claims may be consolidated and resolved in a single trial; (3) if the Iowa Supreme Court has not resolved my Certification Order 60 days before the existing trial date, that is on or before June 9, 2016, then the parties shall jointly contact my judicial assistant, Jennifer Gill, at (712) 233-3909 or via email to Jennifer_Gill@iand.uscourts.gov to select a new trial date.

DMWW requests a bifurcation of Counts I (Clean Water Act) and II (Iowa Code Chapter 455B) from the remaining claims pursuant to Fed. R. Civ. P. 42(b) and to go to trial on Counts I and II on the originally scheduled trial dates. The remaining counts would then be scheduled for trial after the Iowa Supreme Court addresses the certified questions.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). I have previously laid out the factors to consider in a bifurcation analysis:

> Courts have recognized that many factors may be relevant to the determination of whether or not to bifurcate proceedings pursuant to Rule 42(b). *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990) ("In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."); *accord Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada*, No. 4:00-CV-1073, 2006 U.S. Dist. LEXIS 20737, 2006 WL 1026992, *2 (E.D. Mo. 2006) ("Multiple factors govern whether bifurcation is appropriate in any given case, including the separability of the issues; simplification of discovery and conservation of resources; prejudice to the parties; and the effect of bifurcation on the potential for settlement.") (citing *F & G*

> *Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999)); *Eischeid v. Dover Constr., Inc.*, 217 F.R.D. 448, 466 (N.D. Iowa 2003) (citing *O'Dell*, 904 F.2d at 1201-02, as identifying pertinent factors, and noting, further, that Rule 42(b) expressly identifies "expedition" and "economy" as pertinent factors). However, the key issue is whether bifurcation is necessary to avoid prejudice. *Athey v. Farmers Ins. Exchange*, 234 F.3d 357, 362 (8th Cir. 2000) (because the movant could not show prejudice, the district court did not abuse its discretion by refusing to bifurcate claims); *see also Kuiper v. Givaudan, Inc.*, 602 F.Supp.2d 1036, 1055 (N.D. Iowa 2009) (reciting the above standards).

*Shannon v. Koehler*, 673 F. Supp. 2d 758 (N.D. Iowa 2009).

DMWW argues that staying all district court proceedings will be prejudicial to it and the remedy to this prejudice is bifurcation. DMWW states that the delay caused by a stay on hearing Counts I and II will be prejudicial, because the "unprecedented nitration conditions in its source waters . . . are expected to continue to challenge DMWW's infrastructure and personnel." Plaintiff's Brief in Support of Resistance to Defendants' Motion to Stay 3. By permitting discovery to continue as to Counts I and II and leaving the current trial date in place, pending the resolution of my Certification Order by the Iowa Supreme Court, I find no reason to bifurcate Counts I and II of this case.

THEREFORE, defendants' Motion to Stay, as it relates to discovery deadlines for Counts III through X, is **granted.** The defendants' Motion to Stay, as it relates to discovery deadlines for Counts I and II is **denied.** I **reserve ruling** on the defendants' Motion to Stay, as it relates to the trial date pending the Iowa Supreme Court's resolution of my Certification Order. DMWW's Motion to Bifurcate Counts I and II is **denied.** Once the Iowa Supreme Court resolves my Certification Order, the parties shall notify me within 15 days by filing a joint status report indicating, if and how, further proceedings should be scheduled in this court.

**IT IS SO ORDERED.**

**DATED** this 19th day of January, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA