# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BOARD OF WATER WORKS TRUSTEES OF THE CITY OF DES MOINES, IOWA,<br><br>    Plaintiff,<br><br>vs.<br><br>SAC COUNTY BOARD OF SUPERVISORS AS TRUSTEES OF DRAINAGE DISTRICTS 32, 42, 65, 79, 81, 83 and 86, et al.,<br><br>    Defendants. | No. C15-4020-LTS<br><br>**ORDER SETTING BENCH TRIAL, FINAL PRETRIAL CONFERENCE, AND REQUIREMENTS FOR THE PROPOSED FINAL PRETRIAL ORDER** |

_____

**IT IS ORDERED:**[1]

**I.     *TRIAL DATE*:**  This case has been placed on the calendar of United States District Judge Leonard T. Strand for a bench trial scheduled to commence in Courtroom Three of the United States Courthouse in Sioux City, Iowa, on the **8th day of August, 2016**.

**II.    *CONTINUANCE OF TRIAL OR FINAL PRETRIAL CONFERENCE DATES*:**  Unless requested within **14 days** after the date of this order, no continuance of the trial date will be granted except upon written application and for exceptional cause.

**III.   *FINAL PRETRIAL CONFERENCE*:**  A final pretrial conference (FPTC) is

---

[1] *NOTE: This order was revised as of February 15, 2016. The parties are directed to review the requirements of this order carefully and to comply fully with those requirements.*

scheduled before Judge Strand on the **26th day of July, 2016, at 3:00 p.m.** The FPTC will be held in person at the United States Courthouse in Sioux City, Iowa, unless the parties agree in advance to a telephonic FPTC, and so notify Judge Strand at least **five court days** before the FPTC. Depending on the nature of the case, Judge Strand may require that the FPTC must be held in person even if the parties request to participate by phone.

   *IV.* *FINAL PRETRIAL ORDER*: The parties are jointly responsible for the preparation of the proposed Final Pretrial Order. Before the FPTC, *pro se* parties and counsel for represented parties must prepare, agree upon, and sign a proposed Final Pretrial Order prepared for Judge Strand's signature in the format attached to this order. The proposed order must not be filed, but must be e-mailed, in MS Word format, to Judge Strand (Leonard_Strand@iand.uscourts.gov) at least **two court days** before the FPTC. The parties' exhibit lists, prepared as set forth below in this order, must be attached to the proposed final pretrial order, with the entire order, including the exhibit lists, constituting a single document.

   *V.* *WITNESS AND EXHIBIT LISTS*: Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order, in accordance with the instructions in the attached form order. The parties are not required to list rebuttal witnesses or impeachment exhibits. Proposed witness and exhibit lists must be exchanged by the parties (but not filed) at least **21 days** before the FPTC. At the time the parties exchange their exhibit lists, they also must give written notice to all adverse parties of any intent to use a declaration under Federal Rules of Evidence 803(6), 902(11), or 902(12) to establish foundation for records of regularly-conducted activities, and immediately thereafter they must make the records and the declaration available for inspection.

   *VI.* *EXHIBITS*: Exhibits must be prepared for trial in accordance with the

following instructions:

    **A.** *Marking of Exhibits.* All exhibits must be marked by the parties before trial. The plaintiff(s) should use numbers and the defendant(s) should use letters, unless the parties agree to use a different exhibit identification scheme. Exhibits also must be marked with the case number. ***All exhibits longer than one page must contain page numbers at the bottom of each page.***

    **B.** *Elimination of Duplicates.* The parties must compare their exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

    **C.** *Listing of Exhibits and Objections.* Exhibits must be listed separately, unless leave of court is granted for a group exhibit. If a party objects to parts of an exhibit but not to other parts, the offering party must prepare separate versions of the exhibit, one that includes the parts to which objections are being asserted and the other that redacts those parts.

    **D.** *Exhibits referenced in deposition testimony*. All references to exhibits in deposition testimony that is offered into evidence must correspond to the exhibit designation for trial. The parties are directed to number their exhibits accordingly.

    **E.** *Copies for the Court and Clerk.* The parties must bring to the FPTC trial notebooks containing copies of all exhibits to be used at trial. The court's copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed and labeled. The parties must supply the Clerk of Court with a second set of exhibits, also tabbed and labeled in a ringed binder, to be used as the original trial exhibits in the official records of the court. If the FPTC is conducted by telephone, the parties must arrange to have both sets of exhibits delivered to Judge Strand's chambers before the FPTC.

***VII. TRIAL BRIEFS*:**  If the trial of the case will involve significant issues not adequately addressed by the parties in connection with dispositive motions or other pretrial motions, the parties must prepare trial briefs addressing such issues.  Trial briefs must be filed at or before the FPTC.

***VIII. PROTOCOL FOR WITNESSES:***  An attorney who may call a witness to testify at trial must, before the witness testifies, advise the witness of the accepted protocol for witnesses testifying in this court.  This advice should include the following information: (A) the fact that the witness will be placed under oath; (B) that the witness should adjust the witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (C) that the witness should speak only in response to a question; (D) that the witness should wait for a ruling on any objections before proceeding to answer a question; (E) that the witness should answer all questions verbally; and (F) that substances such as food, beverages, and chewing gum should not be brought into the courtroom.  The attorney also must advise the witness of proper dress for the courtroom.

***IX. RESTRICTIONS ON WITNESSES*:**

    *A.  Exclusion of Witnesses*.  A witness who may testify at the trial or at an evidentiary hearing must not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial or hearing until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615 or unless the court orders otherwise.  A witness who is excluded from the courtroom pursuant to this paragraph also is prohibited from reviewing a verbatim record of the testimony of other witnesses at the trial or hearing until after the witness has completed his or her testimony at the trial or evidentiary hearing, unless the court orders otherwise.

**B.** *Restrictions on Communications with Witnesses*. Unless the court orders otherwise, after the commencement of the trial or an evidentiary hearing and until the conclusion of the trial or hearing, a witness who may testify at the trial or hearing is prohibited from communicating with anyone about what has occurred in the courtroom during the trial or hearing. If the witness does testify at the trial or hearing, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her attorney about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

**C.** *Parties*. The restrictions on witnesses in paragraphs (A) and (B) of this section do not apply to the parties.

**D.** *Duties of Counsel*. An attorney who may call a witness to testify at the trial or evidentiary hearing must, before the trial or hearing, advise the witness of the restrictions in this section.

**X.** *TESTIMONY BY DEPOSITION*: In most cases, it is a waste of time for the parties to read deposition testimony to the court during a bench trial. Instead, and unless otherwise ordered, deposition testimony will be made part of the record by filing the transcripts, with Judge Strand reading the designated portions privately. Any party intending to present testimony by deposition shall, at least **28 days** before trial, serve on the opposing parties a written designation, by page and line number, of those portions of the deposition the offering party intends offer into evidence. At least **21 days** before trial, any opposing party who objects to the intended testimony must serve on the offering party any objections to the designated testimony and a counter-designation, by page and line number, of any additional portions of the deposition which the opposing party intends

to offer into evidence.  At least **14 days** before trial, the party offering the deposition testimony must serve upon the opposing parties any objections to the counter-designated testimony and a written designation, by page and line number, of any additional portions of the deposition the offering party intends to have read into evidence.  At least **10 days** before trial, the parties must consult, either personally or by telephone, and attempt to work out any objections to the proposed deposition testimony.

At least **five days** before trial, the party intending to offer the deposition testimony must provide Judge Strand with a copy of the deposition, with the parts of the deposition to be offered into evidence clearly indicated on the deposition, together with a statement listing all unresolved objections.  Judge Strand will review any objections, make any necessary rulings and make whatever record may be necessary to establish which portions of the deposition testimony are being received into evidence.

If, in a particular case, a party believes it to be important to read deposition testimony aloud in open court, that party shall raise that issue during the FPTC.

*XI.  MOTIONS IN LIMINE*:  Judge Strand discourages the use of motions in limine in advance of a bench trial unless it is very apparent that the resolution of novel, unusual or complex evidentiary issues in advance of trial will substantially streamline the presentation of evidence at trial.  Such motions, if any, must be served and filed at least **21 days** before the FPTC.  Resistances to such motions must be served and filed within **10 days** after service of the motion.

*XII.  OPENING STATEMENTS; CLOSING ARGUMENTS:*  Opening statements are limited to **30 minutes** and closing arguments are limited to **one hour**.  **A request for additional time for opening statements or closing arguments must be made at the FPTC.**

***XIII.  COURTROOM TECHNOLOGY:***  The courtrooms in this district are well-equipped for the use of technology and such use is welcomed.  However, the court will not tolerate substantial delays in the proceedings caused by technology glitches or user error.  Any party intending to use technology during trial has an affirmative obligation to work with Clerk's office IT staff in advance to ensure compatibility and smooth operation.

***XIV.  SETTLEMENT CONFERENCE*:**  The court's primary ADR procedure is private mediation.  *See* Local Rule 16.2(a).  Thus, the parties are encouraged to arrange for private mediation if they believe it would be beneficial to involve a neutral party in their settlement negotiations.  If, for some reason, private mediation is not a viable option, any party may contact the chambers of the United States Magistrate Judge assigned to this case to request a settlement conference.  Such contact may be ex parte for the sole purpose of inquiring about a settlement conference.  Absent extraordinary circumstances, a settlement conference will not be scheduled unless all parties express a willingness to participate.  Even if all parties agree, the court retains discretion to decline to conduct a settlement conference.  If conducted, a settlement conference will be subject to Local Rule 16.2, along with any additional requirements and limitations that may be imposed by the judicial officer who agrees to conduct the conference.

***XV.  SETTLEMENT DEADLINE*:**  The court hereby imposes a settlement deadline of **5:00 p.m., 5 days** before the first scheduled day of trial.  If the case is settled after that date, the court may enter an order to show cause why costs and sanctions should not be imposed on the party or parties causing the delay in settlement.

**IT IS SO ORDERED.**

**DATED** this 23rd day of February, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
_____ DIVISION

[*INSERT PARTIES AND CASE NUMBER*]

**FINAL PRETRIAL
ORDER
(PROPOSED)**

[*NOTE: Instructions for preparing this form appear in brackets and should not be reproduced in the proposed Final Pretrial Order. All material not appearing in brackets should be reproduced in the proposed Final Pretrial Order.*]

This final pretrial order was entered after a final pretrial conference held on [date]. The court expects the parties to comply fully with this order. [*Full compliance with the order will assist the parties in preparation for trial, shorten the length of trial, and improve the quality of the trial. Full compliance with this order also will help "secure the just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1.*]

The following counsel, who will try the case, appeared at the conference:

1. For plaintiff(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number [include area code]
   Facsimile Number [include area code]
   E-mail address

2. For defendant(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number [include area code]
   Facsimile Number [include area code]

9

E-mail address

**I. STIPULATION OF FACTS:** The parties agree that the following facts are true and undisputed:*[The parties are to recite all material facts as to which there is no dispute. Special consideration should be given to such things, for example, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, back pay, the economic value of fringe benefits, and property damage. The parties should stipulate to an undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more party, but in such instances the stipulated fact should be followed by an identification of the objecting party and the objection (e.g. "Plaintiff objects to relevance.")]*

      A.
      B.

**II. EXHIBIT LIST**: The parties' exhibit lists are attached to this Order.*[The parties are to **attach to this order** (not include in the body of the order) exhibit lists that list all exhibits (except for impeachment exhibits) each party intends to offer into evidence at trial. Exhibit lists are to be prepared in the attached format, indicating objections using the categories described in the form.*

*All exhibits are to be made available to opposing counsel for inspection at least **twenty-one days** before the date of the FPTC. Failure to provide an exhibit for inspection constitutes a valid ground for objection to the exhibit, and should be noted on the exhibit list.*

*Copies of all exhibits as to which there may be objections must be brought to the FPTC. If an exhibit is not brought to the FPTC and an objection is asserted to the exhibit at the FPTC, the exhibit may be excluded from evidence by the court. Any exhibit not listed on the attached exhibit list is subject to exclusion at trial. The court may deem any objection not stated on the attached exhibit list as waived.]*

**III. WITNESS LIST**: The parties intend to call the following witnesses at trial:*[Each party must prepare a witness list that includes all witnesses (except for rebuttal witnesses) whom the party intends to call to testify at trial. The parties are to exchange their separate witness lists at least **twenty-one days** before the date of the FPTC. The witness*

*lists are to be included in the following format. A witness testifying by deposition must be listed in the witness list with a designation that the testimony will be by deposition.*]

    A.    Plaintiff(s) witnesses **[***list name, **substance of testimony**, whether any party objects to the witness, and the nature of and grounds for any objection***]**:

1.
2.

    B.    Defendant(s) witnesses **[***list name, **substance of testimony**, whether any party objects to the witness, and the nature of and grounds for any objection***]**:

1.
2.

All parties are free to call any witness listed by an opposing party. A party listing a witness guarantees his or her presence at trial unless it is indicated otherwise on the witness list. ***Any objection to the offer of testimony from a witness on the witness list is waived if it is not stated on this list.***

    **IV.**    <u>**RESTRICTIONS ON WITNESSES**</u>: A witness who may testify at the trial shall not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615 or the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph also is prohibited from reviewing a verbatim record of the testimony of other witnesses at the trial until after the witness has completed his or her testimony, unless the court orders otherwise.

Unless the court orders otherwise, after the commencement of trial and until its conclusion, a witness who may testify at the trial is prohibited from communicating with anyone about what has occurred in the courtroom during the trial. If the witness does testify at the trial, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her attorney about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

These prohibitions do not apply to the parties. An attorney who may call a witness to testify at trial must, before the trial, advise the witness of these restrictions.

V.   **EVIDENTIARY AND OTHER LEGAL ISSUES**:

   A.   Plaintiff(s) Issues:

       1.
       2.

   B.   Defendant(s) Issues:

       1.
       2.

**[***The parties must list all unusual evidentiary and legal issues which are likely to arise at trial, including such things as disputes concerning the admissibility of evidence or testimony under the Federal Rules of Evidence; the elements of a cause of action; whether recovery is barred as a matter of law by a particular defense; disputes concerning the measure, elements, or recovery of damages; and whether the Statute of Frauds or the Parol Evidence Rule will be raised. The purpose of this listing of issues is to advise the court in advance of issues and problems that might arise at trial.*]**

**VI.   COURTROOM TECHNOLOGY**: Prior to trial, attorneys and witnesses who intend to utilize the technology available in the courtroom must familiarize themselves with the proper manner of operation of the equipment. Instruction and training on the proper use of the equipment may be obtained at a training session set up by prior appointment with the Clerk's IT staff, who may be reached through the Clerk's office. Information also may be obtained from the court's website: *www.iand.uscourts.gov*.

**VII.   OPENING STATEMENTS; CLOSING ARGUMENTS:** Opening statements are limited to **30 minutes** and closing arguments are limited to **one hour**. **A request for additional time for opening statements or closing arguments must be made at the FPTC.**

**VIII.   PROTOCOL FOR WITNESSES**: An attorney who may call a witness to testify at trial must, before the witness testifies, advise the witness of the accepted protocol for

witnesses testifying in this court. This advice should include the following information: (A) the fact that the witness will be placed under oath; (B) that the witness should adjust the witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (C) that the witness should speak only in response to a question; (D) that the witness should wait for a ruling on any objections before proceeding to answer a question; (E) that the witness should answer all questions verbally; and (F) that substances such as food, beverages, and chewing gum should not be brought into the courtroom. The attorney also must advise the witness of proper dress for the courtroom. Proper dress does not include blue jeans, shorts, overalls, T-shirts, collarless shirts, shirts with printed words or phrases on the front or back, tank tops, or the like.

**IX. DEMONSTRATIVE AIDS**: A party using a demonstrative aid during a jury trial must, before the demonstrative aid is displayed to the jury, show the demonstrative aid to representatives of all other parties participating in the trial. The term "demonstrative aid" includes charts, diagrams, models, samples, and animations, but does not include exhibits admitted into evidence or outlines of opening statements or closing arguments. Any disputes or objections concerning demonstrative aids shall be brought to the court's attention and resolved before the demonstrative aid is displayed to the jury.

**IT IS SO ORDERED.**

**DATED** this _____ day of _____, 20____.


_____
**LEONARD T. STRAND**
**UNITED STATES DISTRICT JUDGE**

# (PLAINTIFF'S) (DEFENDANT'S) EXHIBIT LIST [*Form*]

The following categories have been used for objections to exhibits:

A.  **Category A.**  These exhibits already will be in evidence at the commencement of the trial, and will be available for use by any party at any stage of the proceedings without further offer, proof, or objection.

B.  **Category B.**  These exhibits are objected to on grounds **other than** foundation, identification, or authenticity.  This category **has been** used for objections such as hearsay or relevance.

C.  **Category C.**  These exhibits are objected to on grounds of foundation, identification, or authenticity.  This category **has not** been used for other grounds, such as hearsay or relevance.

| **(Plaintiff's)(Defendant's) Exhibits** | Objections [Cite Fed. R. Evid.] | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA) |
|---|---|---|---|---|
| 1. [*describe exhibit*] | | | | * |
| 2. [*describe exhibit*] | | | | |
| 3. [*describe exhibit*] | | | | |
| 4. [*describe exhibit*] | | | | |
| 5. [*describe exhibit*] | | | | |

[*This column is for use by the trial judge at trial.  Nothing should be entered in this column by the parties.*]

14